John H. Maynard
CROWLEY FLECK PLLP
P.O. Box 797
Helena, MT 59601-6287
Telephone: (406) 449-4165
Facsimile: (406) 449-5149
jhmaynard@crowleyfleck.com

Matthew S. Brahana
CROWLEY FLECK PLLP
500 Transwestern Plaza II
490 North 31st Street
P.O. Box 2529
Billings, MT 59103-2529
Telephone: (406) 252-3441
Facsimile: (406) 256-0277
mbrahana@crowleyfleck.com
    Attorneys for Defendant

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MONTANA, BUTTE DIVISION

| | |
|---|---|
| GLEN RAY GALLIER and JANN GALLIER, | Cause No.: CV-09-34-BU-RFC |
| Plaintiffs, | **DEFENDANT CANCER TREATMENT CENTER OF AMERICA'S RULE 12(b)(6), 12(b)(2), AND 12(b)(3) MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER UNDER 28 U.S.C. § 1406** |
| vs. | |
| SOUTHWESTERN REGIONAL MEDICAL CENTER, INC. d/b/a CANCER TREATMENT CENTERS OF AMERICA, an Oklahoma corporation and CANCER TREATMENT CENTERS OF AMERICA, an Illinois corporation | |
| Defendants. | |

Defendant Cancer Treatment Centers of America (herein "CTCA") respectfully moves the Court to dismiss Plaintiffs Glen Ray Gallier and Jann Gallier's (herein "Gallier") claims against it pursuant to Rules 12(b)(2), 12(b)(3) and 12(b)(6), Fed. R. Civ. P.

CTCA maintains that this Court lacks personal jurisdiction over it and, therefore, the case cannot proceed. CTCA is neither found in Montana, pursuant to Montana's applicable long-arm jurisdiction statute, nor would the exercise of jurisdiction comport with CTCA's due process rights under the U.S. Constitution, as articulated in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154 (1945).

CTCA also respectfully requests the Court to dismiss this case pursuant to Rule 12(b)(3), Fed. R. Civ. P., as venue is not proper under 28 U.S.C. § 1391 and because Gallier should have sufficient time to refile in a proper venue. In the alternative, the Court may transfer this case to a proper venue, pursuant to 28 U.S.C. § 1406.

Finally, this claim should be dismissed pursuant to Rule 12(b)(6). Gallier has pleaded no claims against CTCA. *See* Compl. Furthermore, Gallier's medical malpractice claim intrinsically fails because CTCA is not a medical provider and is not licensed to practice medicine or provide medical services in any state. Furthermore, Gallier cannot state a prima facie Consumer Protection Act claim

2

because CTCA did not provide any services to Gallier.  As Gallier is not entitled to recover from CTCA under any set of facts, its motion should be granted.

Pursuant to Local Rule 7.1(c)(1), plaintiffs' counsel has been contacted and objects to CTCA's motion to dismiss.

Dated this 3rd day of November, 2009.

>/s/ Matthew S. Brahana
> John H. Maynard
> Matthew S. Brahana
> Attorneys for Defendant Southwestern
> Regional Medical Center, Inc. d/b/a
> Cancer Treatment Centers of America, an
> Oklahoma corporation and Cancer
> Treatment Centers of America, an Illinois
> corporation